UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Carmen A. Aguirre | § <br> § <br> §    Civil Action No. <br> § <br> § <br> §    5:19-cv-1076 <br> § <br> § <br> § <br> § <br> § <br> § |
| v | |
| ChexSystems Collection Agency, Inc. | |

## Complaint

_____

## Introduction

1. In enacting the Fair Credit Reporting Act, Congress found that the banking system depends on fair and accurate credit reporting, that inaccurate reporting impairs the efficiency of the banking system, and unfair credit reporting undermines public confidence in in the banking system.

2. Plaintiff brings this action for Defendants violations of the Fair Credit Reporting Act and seeks actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## Jurisdiction & Venue

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

5. Plaintiff, Carmen A. Aguirre, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

6. Defendant, ChexSystems Collection Agency, Inc., is a Minnesota corporation with a principal business address at 601 Riverside Ave. Jacksonville, FL 32204. ChexSystems may be served via its registered agent CT Corporation System at 350 N. St. Paul St. Ste. 2900 Dallas, Texas 75201.

Facts

7. ChexSystems is a specialty consumer reporting agency.

8. For a monetary fee ChexSystems regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing information to third parties.

9. ChexSystems uses the telephone, mails, and internet as well as other means of interstate commerce in preparing or furnishing consumer reports.

10. ChexSystems collects consumers banking histories including prior checks returned for non-sufficient funds. Merchants use this

information to determine whether they should accept a check. Banks use this information when consumer seek to open deposit accounts.

11. Under the burden of numerous unsecured debts and without a way to make payments, Aguirre filed a bankruptcy case under Chapter 7.

12. Her case was filed on February 6, 2018 and closed on May 11, 2018.

13. Following her bankruptcy her credit report properly reflected zero balances for her various creditors.

14. However, she was unable to open a bank account or cash a check. Without a bank account she could not have a debit card. The inability to cash a check frustrated her. She was effectively locked out of the modern banking system.

15. She investigated why she was locked out and discovered that ChexSystems reporting was interfering with her ability to bank.

16. She disputed the reporting with ChexSystems.

17. In its response to Aguirre's dispute, ChexSystems provided a report showing an account with Woodforest National Bank as owing $2,373.40.

18. Per ChexSystems' report the account was closed in January 2017, before the bankruptcy.

19. Per Aguirre's post-bankruptcy tri-merge credit report, the account has a zero balance.

20. ChexSystems's report should be the same that Transunion, Equifax, and Experian reports on the tri-merge report.

## Cause of Action – Fair Credit Reporting Act

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. ChexSystems intentionally or negligently failed to establish, maintain, or follow reasonable procedures to assure maximum possible accuracy with respect to Plaintiff's credit file and has been reporting false and inaccurate information to third parties even after it has known or should have known that the information it was publishing was false, all prohibited by the FCRA, §15 U.S.C. §1681e(b).

23. After receiving Plaintiff's dispute ChexSystems failed to correct its negative reporting on Plaintiff's credit report.

24. ChexSystems intentionally or negligently did not conduct a proper re-investigation after Plaintiff disputed the incorrect credit report. ChexSystems has violated its duties under 15 U.S.C. §1681i.

25. ChexSystems actions or inactions in investigating Plaintiff's dispute were willful, and continue to be so, or in the alternative, they were and are negligent.

26. Plaintiff is entitled to recover her actual damages, her statutory damages, punitive damages, costs and attorney's fees from ChexSystems.

Jury Demand

27. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Attorney's fees, costs, and litigation expenses;

e. Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com